(No. 20066.— )

WILLIAM E. BROTHERS *et al.* Appellants, *vs.* ALYCE JOHN-STONE *et al.* Appellees.

*Opinion filed June 20, 1930—Rehearing denied October 14, 1930.*

SPENCER, PARKER, BRYAN & SNELL, (LEWIS W. PARKER, of counsel,) for appellants.

RATHJE, WESEMANN, HINCKLEY & BARNARD, (FRANCIS E. HINCKLEY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed suit in ejectment in the circuit court of Cook county against appellees to recover a triangular piece of land in White's addition to the city of Evanston. The matter was heard before a jury, who returned a verdict finding appellees not guilty. Judgment was entered on the verdict, and appellants bring the cause here for review.

White's addition, so far as appears from the record, consists of two blocks, block 8 and block B. Block 8 contains twenty-four lots and lies between Forest avenue on the west and Wheeler avenue on the east, while block B, in which the tract in question is situated, consists of twelve lots, bounded on the west by Wheeler avenue and on the east by an alley, which is also the east boundary of the addition.

White's addition is bounded on the north by Lincoln avenue and on the south by Kedzie avenue. Lot 12 is the south lot in block B and is in the southeast corner of the addition and abuts Wheeler avenue on the west, Kedzie avenue on the south and the alley on the east. By the plat, which the evidence shows was made and filed by the subdivider, the dimensions of lot 12 are shown to be 43¼ feet on Wheeler avenue, 133 feet on Kedzie avenue and 74 feet on the alley, while the length of the boundary line between lot 12 and lot 11, lying immediately north, is shown to be 133¾ feet. Appellants own lot 11. They claim in this suit a triangular tract of the north part of lot 12, which is approximately 10 feet in width on the alley, with its northerly and southerly boundary lines converging to a point at the east boundary of Wheeler avenue. They assert that appellees' lot, instead of being 74 feet in width on the alley, is but a fraction over 64 feet, and that the balance of the 74 feet belongs to lot 11. In making the plat of block B in this addition the owner designated the complete description by metes and bounds of the north lot, or lot 1, and south lot, or lot 12. As to the intervening lots from 2 to 11, inclusive, the plat shows a measurement of 50 feet as frontage on Wheeler avenue. The plat also shows the length of the boundary lines between the lots of that block. The length of the alley boundary is not shown on any of the lots other than 1 and 12.

To support their claim of right to this property appellants introduced the testimony of three land surveyors, who testified that the normal way to lay out a block is to run the lot lines back from the streets at right angles thereto, and that when the plat in this case is scaled it shows appellees' lot to have about 64 and a fraction feet on the alley instead of 74. Both lots 11 and 12 are improved by three-story brick buildings, and if appellants' contention as to the line is correct, a portion of appellees' building is on lot 11. The evidence of these witnesses also shows that by apply-

ing the same method of reading to lot 11 its north boundary line would pass through the center of appellants' garage. Both the building of appellants and that of appellees have been constructed parallel with the boundary line between the lots as shown by the plat. If the true boundary line is as claimed by appellants neither building is parallel to such boundary line. It is evident from the manner of building on the premises that all parties prior to this lawsuit have considered that lot 12 extended 74 feet on the alley. An inspection of the plat shows that it was not made to scale. There are scarcely any two lines, other than the lines separating some of the lots, that are parallel. Block B is wider at the north end than it is at the south. Its east and west boundary lines do not run north and south but in a northwesterly and southeasterly direction. These lines are not parallel. Other distances designated on the plat indicate that it was not drawn to scale. It is therefore of no assistance, in determining the question involved in this case, to subject to scale a plat which was obviously not so drawn.

When the subdivider filed his plat and sold lot 12, which by mesne conveyances has become the property of appellees, the plat by which it was sold showed it to have an alley dimension of 74 feet. The only other alley dimension on the plat of block B is that of lot 1, there shown to be 25 and a fraction feet. When the subdivider sold lot 11 by the plat, that lot was quite as much subject to his description of lot 12 as to any other description on the plat. This subdivision was made more than fifty years ago, and in that time there has been no pro-rating of shortage, if such existed. Nor does there appear in the record any basis for the application of the rule with reference to pro-rating shortage in dimensions.

The rule in this State is, and for years has been, that where land is conveyed as a designated lot in a designated block in a platted subdivision and no other description of it is given, as was the case with lot 12, then the authentic

plat of such subdivision is as much a part of the deed as if set out in it and the purchaser will be restricted to the boundaries of the lots as shown by the plat. *Mendel* v. *Whiting,* 142 Ill. 348; *Trustees of Schools* v. *Schroll,* 120 id. 509; *Piper* v. *Connelly,* 108 id. 646; *McClintock* v. *Rogers,* 11 id. 279.

The judgment of the circuit court was correct and will be affirmed.

*Judgment affirmed.*