SALOMEJA KOSTURSKA, Appellee, *vs.* PETER BARTKIEWICZ, Appellant.

*Opinion filed October 26, 1909.*

1. DEEDS—*certificate of acknowledgment cannot be impeached by unsupported testimony of the grantor.* A statutory certificate of acknowledgment to a deed cannot be overcome by the unsupported testimony of the grantor.

2. SAME—*proof of fraud must be clear to overcome certificate of acknowledgment.* While, as between the parties to a deed, the certificate of acknowledgment may be impeached for fraud, collusion or imposition it cannot be otherwise attacked, and the evidence upon the issue of fraud, collusion or imposition must be so complete and reliable as to fully satisfy the court that the certificate is fraudulent and untrue.

3. SAME—*what evidence does not overcome certificate of acknowledgment.* A statutory certificate of acknowledgment to a

deed made by a grantor who could neither read nor understand English is not overcome by her testimony that she remembered nothing about signing a deed or what was said at the time because she was sick but that her mind was clear and she did not lose it, where the notary testified that the grantor was sick but that the deed was explained to her, at her request, in language she understood, and that she said "All right," and signed the deed.

4. UNDUE INFLUENCE—*a charge of fraud and circumvention is inconsistent with claim of undue influence.* A charge of fraud and imposition in the execution of a deed is inconsistent with a claim that the deed was voluntarily executed by the grantor through the exercise of undue influence; and a finding in the decree that the deed was not knowingly executed is also inconsistent with a claim of undue influence.

5. FIDUCIARY RELATIONS—*when fiduciary relation does not exist.* A fiduciary relation does not arise from the mere fact of the relationship existing between the grantor and her daughter, who was the mother of the grantees.

APPEAL from the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

EDWARD R. LITZINGER, for appellant:

In the absence of any allegation or proof of fraud on the part of the officer taking the acknowledgment of a deed, or of any fraudulent collusion between him and any interested party, the certificate, as to the statements made in it, must prevail over the unsupported evidence of the grantor in the deed. *Oliphant* v. *Liversidge,* 142 Ill. 160; *Monroe* v. *Poorman,* 62 id. 524; *Dock Co.* v. *Russell,* 68 id. 430; *Fitzgerald* v. *Fitzgerald,* 100 id. 385; *Watson* v. *Watson,* 118 id. 56.

When the genuineness of a signature to an instrument is established it affords *prima facie* evidence that the contents of the instrument were known to the subscriber and that it is his act, and hence the burden of proof is upon those who assert the contrary, to overcome this *prima facie* evidence. *Life Ins. Co.* v. *Gray,* 80 Ill. 28.

Where the court, in its decree, refers to the evidence upon which the facts are found, and it fails to support the

finding, the decree will be reversed. *Kennedy* v. *Merriam,* 70 Ill. 228; *Preston* v. *Hodgen,* 50 id. 56.

In the case of a gift from a child to a parent undue influence may be inferred from the relation itself, but never when the gift is from the parent to the child. *Oliphant* v. *Liversidge,* 142 Ill. 160.

BEACH & BEACH, and OTTO H. BEUTLER, for appellee:

A fiduciary relation existed between the complainant and her daughter. Transactions between parties sustaining a fiduciary relation to each other, as father and son, are *prima facie* voidable upon motion of the one reposing the confidence, upon grounds of public policy; and the burden of proof, such fiduciary relation having been established, is upon the one seeking a benefit to show fairness, good faith and the absence of undue influence. *Morgan* v. *Owens,* 228 Ill. 598; *Michael* v. *Marshall,* 201 id. 70; *Weston* v. *Teufel,* 213 id. 291; *Leonard* v. *Burtle,* 226 id. 422.

A deed by a party to one bearing a fiduciary relation to him will, upon his motion, be set aside unless the grantee shall affirmatively show the absence of undue influence, and establish the fact that the grantor acted upon the confidence and independent advice of another, or such other facts as will satisfy the court that the dealing was at arm's length, or that the transaction was had in the most perfect good faith on his part and was equitable and just between the parties or was beneficial to the grantor. This rule applies not only to cases where there exists a formal and technical fiduciary relation, such as guardian and ward, parent and child, attorney and client, principal and agent, etc., but to all cases in which confidence is reposed by one party in another. *Thomas* v. *Whitney,* 186 Ill. 225; *McParland* v. *Larkin,* 155 id. 84.

In determining the question of undue influence a broad distinction is to be taken between a disposition by the donor which takes from him his whole estate and leaves him

helpless, and one which provides for him during his life and disposes of his property in a rational mode at his death. *Oliphant* v. *Liversidge,* 142 Ill. 160.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a decree of the superior court of Cook county setting aside a deed from appellee to appellant. The reason alleged for setting aside the deed is that it was never signed or acknowledged by the grantor or by her authority. It is further alleged that if the deed does bear the genuine signature of the appellee, such signature was obtained by fraud, circumvention and over-reaching of appellee, without her knowledge or understanding of the contents of the instrument or that she was signing a deed and without any intention on her part to sign or acknowledge a deed.

The appellee, Salomeja Kosturska, was born and reared in Austria, and neither speaks nor understands the English language. She came to this country in 1901, and on July 8 arrived at the home of her daughter, Walentyna Olsztynska, in Chicago, where she has ever since resided. The day after her arrival the premises on which the daughter resided, and which she owned, were conveyed to the appellee by her daughter and the latter's husband for an expressed consideration of $2400. The appellee and her daughter and her daughter's family continued to reside together upon the premises until the daughter and her husband died, in 1907, since which time appellee and appellant, who is her grandson, have occupied the premises together. On June 7, 1905, the appellee executed to the appellant and to his brother, Victor Bartkiewicz, who were her daughter's sons, a deed conveying said premises to them as joint tenants and not as tenants in common. It is this deed which the bill seeks to set aside. Victor Bartkiewicz has died since the deed was made.

There is a disagreement as to the reason of the making of the deed to appellee by her daughter. It is claimed by the appellant that the property was conveyed by his mother to his grandmother in trust for himself and his brother, while the appellee testified that she brought from Austria with her 1200 gulden, alleged by the bill to be equivalent to $576, which she gave to her daughter, and her daughter told her she was willing the house to her. Whatever may have been the motive for the conveyance, appellee acquired by it an indefeasible title to the premises, of which she could be deprived only by her own act. The chancellor found that the deed sought to be canceled bore the genuine signature of the appellee, but that she placed such signature to the deed without knowledge or understanding that she was signing a deed. Attached to the deed is the certificate of a notary public in the statutory form, showing the acknowledgment of the grantor in the usual way. There is no evidence tending to show that the appellee did not understand that she was signing a deed except her own testimony. She testified that she remembered nothing about signing a deed or what was said at the time, because she was sick, but that her mind was clear and she did not lose it. Wilkoscheski, the notary public who certified to the acknowledgment of the deed, testified that the appellee was sick and in bed at the time; that she asked for an explanation of the deed, and it was explained to her in the Polish language both by himself and by her daughter, and that she said "All right," and then signed the deed.

The certificate of the acknowledgment of a deed in the manner provided by law cannot be overcome by the unsupported testimony of the grantor. While, as between the parties to the deed, such acknowledgment may be impeached for fraud, collusion or imposition, it cannot be otherwise attacked; and the evidence upon such issue of fraud, collusion or imposition must, "by its completeness and reliable

character, fully and clearly satisfy the court that the certificate is untrue and fraudulent." (*Fitzgerald* v. *Fitzgerald*, 100 Ill. 385; *Marston* v. *Brittenham*, 76 id. 611; *Watson* v. *Watson*, 118 id. 56; *Calumet and Chicago Canal and Dock Co.* v. *Russell*, 68 id. 426; *Monroe* v. *Poorman*, 62 id. 523; *Lickmon* v. *Harding*, 65 id. 505; *Graham* v. *Anderson*, 42 id. 514; *Oliphant* v. *Liversidge*, 142 id. 160.) In the cases cited are fully set forth the reasons of public policy which make the rules stated imperative. Under them the certificate of acknowledgment was not successfully impeached.

Counsel for appellee seek to sustain the decree upon the ground that a fiduciary relation existed between the appellee and her daughter, and that by reason thereof undue influence would be presumed on the part of the daughter in procuring the deed to be made to appellant. Relief was neither asked in the bill nor granted by the decree on this ground. The charge in the bill was that the deed was not executed by appellee or was obtained by fraud and circumvention. The charge was inconsistent with the claim that the deed was voluntarily executed through the exercise of undue influence. The decree found that the deed was not knowingly executed, which finding is also inconsistent with the charge of undue influence. The evidence on the part of the appellant is that appellee held the title in trust and by the conveyance was merely carrying out the original object of the parties, while appellee's testimony indicates a purchase of the property by her or a conveyance as security. No fiduciary relation arises out of the kinship of the parties alone, and the evidence does not show such relation.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*