(No. 19148.—

JOZEFA JAWORSKI, Appellee, *vs.* JOSEPH SUJEWICZ *et al.* Appellants.

*Opinion filed February 20, 1929.*

JOSEPH B. HERMES, and G. A. BURESH, for appellants.

JOHN PRYSTALSKI, and JOHN OWEN, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

November 26, 1926, appellee, Jozefa Jaworski, filed her bill in chancery in the circuit court of Cook county against appellants, Joseph Sujewicz and Helen Sujewicz, his wife, to set aside a deed dated November 19, 1923, from appellee to appellants. The bill alleged that appellee is a Polish woman, eighty years of age and unable to read or write in any language; that her husband, Walenty Jaworski, died in January, 1919, leaving her as the sole owner of certain premises described in the bill, which during his lifetime had been owned by him and appellee in joint tenancy; that on November 20, 1923, there was recorded in the recorder's office of Cook county an instrument purporting to be a warranty deed, wherein appellee conveyed to appellants the real estate described in the bill, subject to the life estate therein of appellee; that appellee did not execute and deliver the deed, and that she first learned thereof a short time before the filing of the bill; that appellant Helen Sujewicz is her daughter; that appellant Joseph Sujewicz is the husband of Helen; that appellee has two other children; that about three years prior to the filing of the bill she desired to make a last will and testament and requested appellants to arrange for the making of such a will, and that she and appellants met at the office of Anthony J. Wlodarski, a real estate broker, and that she then and there made a cross upon a paper, which, as she was then advised by those present, was a will, whereby she disposed of the premises described in the bill to her three children in equal parts; that she at no time understood that she was executing a warranty deed to appellants, reserving to herself a life estate; that she at no time received from either of appellants the sum of $10 or any other consideration. The prayer of the bill was that the alleged warranty deed be set aside and declared null and void and for general relief. Appellants answered the bill, alleging the execution and delivery of

the deed by appellee to appellants, and that the transaction was explained to her in the Polish language and that she knew that she was executing a deed. They denied all appellee's allegations as to fraud. The cause was heard in open court, and a decree was entered setting aside the deed and ordering appellants to deliver it up to be canceled by the clerk of the court.

Appellee testified to the facts substantially as set up in her bill; that in November, 1923, she went to Wlodarski's office with appellants for the purpose of making a will; that there was no one present but herself, appellants and Wlodarski; that they told her to make a cross upon a paper and that she did so; that before making the cross there was something said that she was making a will for her three children; that they did not tell her what she was signing; that no one gave her $10 at that time; that she did not know of the deed in question until about two years prior to the filing of the bill, when she wanted to wire the house for electric lights, at which time she found out from the contractor that she was not the owner of the premises of record.

Appellants testified that in November, 1923, at the request of appellee, they went with her to Wlodarski's office; that she did all the talking to Wlodarski; that he then did some writing; that he then read to appellee, in Polish, what he had written and asked her if everything was all right; that she said, "Yes; that is the way I wanted the property to be;" that she then made her mark upon the paper and Wlodarski and his son signed as witnesses; that the deed here in question is the paper which was then executed; that Sujewicz then handed appellee $10, which she gave to Wlodarski for drawing up the papers; that the deed in question was then delivered by her to appellants, who gave it to Wlodarski for record, and that there was nothing said at that time about appellee making a will.

Appellee is not corroborated as to her version of what took place at the time of the execution of the paper, while appellants are corroborated by Wlodarski and his son, who testified in exact accord with appellants' version of the transaction, and by a witness who testified that in May, 1925, he was getting signatures from the owners of property for the paving of an alley adjacent to the premises in question and that he called upon appellee to get her signature; that she told him that she was not the owner of the property and gave him the name of Sujewicz as the owner. The deed was a warranty deed in regular form, conveying the premises from appellee to appellants as joint tenants, subject to the life interest of appellee, and bore the certificate of acknowledgment of Anthony J. Wlodarski as notary public, and was recorded in the recorder's office of Cook county November 20, 1923. Fraud will not be presumed, but must be proved by such clear and convincing evidence that the mind is well satisfied that the charge is true. (*Carter* v. *Carter,* 283 Ill. 324; *Mosbarger* v. *Brown,* 313 id. 238.) Where a deed has been acknowledged and contains the certificate of an officer authorized by law to take an acknowledgment, the certificate of the officer showing that the deed was executed and acknowledged by the grantor cannot be overcome or impeached by the testimony of the grantor, alone. (*Dickerson* v. *Evans,* 84 Ill. 451; *Blackman* v. *Hawks,* 89 id. 512; *Huston* v. *Smith,* 248 id. 396.) No facts or reasons are given in the decree to support the conclusion of fraud, and under the decisions of this court the evidence falls far short of being sufficient to have warranted the court in setting aside the deed and ordering its cancellation.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*