## S. J. Gould, Appellant, v. A. A. Lewis, Appellee.

### Gen. No. 35,892.

Opinion filed October 4, 1932.

JACOBSON, MERRICK, NIERMAN & SILBERT, for appellant.

McKENNA & HARRIS, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The plaintiff sued the defendant in the municipal court of Chicago in an action of the first class. There was a trial before the court, without a jury, and a finding for the defendant, upon which judgment was entered. Plaintiff has appealed.

In his statement of claim the plaintiff alleged:

" . . . that on, to-wit, November 20, 1927, for good and valuable consideration, the defendant entered into an agreement with the plaintiff in words and figures following, to-wit:

" 'A. A. LEWIS AND COMPANY
Real Estate-Bonds-Investments
Third Floor
208 W. Washington St.
Chicago,

November 20, 1927

"Mr. S. J. Gould,
77 West Washington Street,
Chicago, Illinois.

"Dear Sir:

"This is to advise you that with reference to your services rendered in connection with the purchase of the Stielow property, I agree to pay you, on or before three years from date, out of the proceeds of sale of said property, the sum of Eighty Five Hundred Dollars ($8,500.00).

"It is understood that this in no way shall be reflected as a lien, or a lien on the property, and does not create any partnership or specific agreement to pay, except from the proceeds of sale of said property.

"This agreement shall not be recorded, with either the Trustee of said property or the Recorder's Office of Cook County, Illinois, and if recorded shall be void.

Your very truly,
A. A. LEWIS.'

"That although three (3) years have elapsed since the making of said agreement and the proceeds of the sale of said Stielow property exceeded the sum of Eighty Five Hundred Dollars ($8500.00) the defendant, although often requested, has not paid said sum of Eighty Five Hundred Dollars ($8500.00), or any part thereof.

"WHEREFORE plaintiff sues for said sum, together with interest at the rate of five per cent (5%) per annum from November 20, 1930, to the date of judgment herein."

In his second amended affidavit of merits the defendant denies that the plaintiff had rendered any services in connection with the purchase of the Stielow property; avers that the said written agreement was without consideration and that it was obtained by fraud and misrepresentation; denies that he, "the defendant, ever received Eighty-five Hundred dollars or any other proceeds of the sale of the Stielow property and denies that he ever at any time possessed any sum from the sale of the Stielow property with which he could have paid said Eighty-five Hundred Dollars or any other amount to this plaintiff."

The major contention of the plaintiff is that "the finding of the court is clearly and manifestly against the weight of the evidence." After a careful consideration of all the evidence we have reached the conclusion that this contention is a meritorious one. As the case may be tried again we refrain from analyzing and commenting upon the facts and circumstances in evidence.

We deem it necessary to pass upon several controverted questions of law. Upon the trial the defendant contended that the written agreement of November 20, 1927, was obtained by fraud and misrepresentation, and that in the instant proceeding, a civil action, he was required to establish the allegation of fraud by only a preponderance of the evidence. Upon

the other hand, the plaintiff insisted that "when fraud is relied on as a defense, the burden is upon the party charging the fraud to prove it as a fact, by such clear and convincing evidence as leaves the mind well satisfied that the allegations of fraud are true." The law on the subject is not open to doubt, as the Supreme Court has many times stated the rule. It is only necessary to cite a very late case bearing upon that subject. In *Jaworski v. Sujewicz,* 334 Ill. 19, 22, the court said: "Fraud will not be presumed, but must be proved by such clear and convincing evidence that the mind is well satisfied that the charge is true. (*Carter v. Carter,* 283 Ill. 324; *Mosbarger v. Brown,* 313 id. 238.)"

The plaintiff contends that the term "proceeds" in the letter of November 20, 1927, "means anything that was realized out of the sale of the property, whether money or any other thing of value, and . . . that the term 'proceeds' cannot be limited to the construction that the defendant would have placed on the term, namely, only profits received by the defendant." The plaintiff cites several cases which the defendant concedes seem to support the contention of the former. While the defendant cites several cases which hold that the term "proceeds" as used in those cases means net profits, nevertheless, he frankly states in his brief that it is difficult to reconcile the authorities bearing upon the question and that the following statement, from 50 Corpus Juris 427, expresses "a broad middle ground" in the interpretation of the term: "Proceeds. Not a word of any fixed or definite meaning, but of varying and loose significance, employed with different meanings, of equivocal import and great generality. . . . Its meaning in each case depends on its context, depends very much on the connection in which it is employed and the subject matter to which it is applied." The same authority also states (pp. 429, 430):

"In contracts and written instruments, the word 'proceeds' has many meanings and varied usages and is in many instances of doubtful meaning. The subject matter and purpose of a contract must be considered in order to determine the meaning of the word as used by the parties. As used, the word has been variously defined, and held to mean 'money;' to include the increase in value of stock or produce; not to mean actual money recovered or money only or 'invoice;' it has been held to mean gross proceeds and net proceeds." From a review of the many authorities cited in Corpus Juris it is clear that the statement therein contained that "the word 'proceeds' has many meanings and varied usages and is in many instances of doubtful meaning," is fully justified. In 23 Am. & Eng. Ency. of Law, 159, it is stated that "the term (proceeds) is one of equivocal import. Its construction depends much upon the context and the subject matter to which it is applied." The plaintiff cites *People v. City of Chicago,* 216 Ill. 537, 542, as an authority in support of his interpretation of the term "proceeds." In our judgment the Supreme Court in that case did not intend to state a fixed definition of the term "proceeds" that would apply in the interpretation of all contracts. The general rule that where the terms of a contract are ambiguous and uncertain their meaning may be determined from extrinsic evidence, also applies to the instant contract.

While the plaintiff strenuously insists that we should enter a judgment in his favor in the sum of $8,500, we have reached the conclusion that justice will be best served by a retrial of this cause.

The judgment of the municipal court of Chicago is reversed and the cause is remanded.

*Reversed and remanded.*

KERNER, P. J., and GRIDLEY, J., concur.