24

J. J. Buttles, Appellant, v. B. T. Adkins, Appellee.

Opinion filed March 2, 1943.

MAXFIELD WEISBROD, of Chicago, and KIGER & DIL-SAVER, of Mattoon, for appellant.

ISLEY & WILSON, of Newton, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a finding and judgment, of the circuit court of Jasper county, without intervention of a jury, in favor of B. T. Adkins, appellee (hereinafter called defendant) as against J. J. Buttles, appellant (hereinafter called plaintiff), in an action for real estate brokerage commissions.

The action was instituted by plaintiff, as against defendant, to recover the sum of $35,000, together with interest thereon at the statutory rate, from July 22, 1930, to the date and day of judgment, being for the approximate sum of $55,000. The action was based upon three instruments in writing, two of which were signed by the defendant and one W. W. Sterling, and the third instrument was signed by the same parties and by plaintiff. Defendant admitted the execution of all three instruments, but asserted that in the third instrument, which was signed by plaintiff, there was an alteration made after all of the signatures had been affixed thereto, without the consent of either defendant or Sterling. The evidence of both defendant and Sterling supported this

contention, although the evidence for the plaintiff was to the contrary and indicated that the interlineations on such exhibit were made before the instrument was signed. The first agreements referred to above resulted from a meeting of the defendant and Sterling with reference to certain property owned by the defendant and Sterling. The details of such agreements are not significant for the purposes of this opinion. It will suffice to state that it was contemplated that the properties owned by Sterling and Adkins were to be consolidated and a corporation was to be formed. The third instrument executed by the plaintiff, the defendant, and Sterling, and upon which the claim of plaintiff is primarily founded, was introduced in evidence and shown in the amended complaint in the following form:

"J. J. BUTTLES
July 22nd, 1930

As per contract, dated and signed as of the above date, between W. W. Sterling and B. T. Adkins in which they agree to consolidate and form a Corporation known as the National Gardens Jersey Farms Corporation, of which B. T. Adkins is to be the President, J. J. Buttles to be Vice President and W. W. Sterling to be Chairman of the Board of Directors, it is understood by and between the three parties to this transaction that the Corporation is to be formed, and the amount is to be $500,000.00, and that J. J. Buttles is to be paid for his services in this transaction, which have been rendered, the sum of ~~Fifty~~ Thirty-five Thousand Dollars ($~~50~~,000.00) in stock in this Corporation. He is also to be the exclusive broker for this Corporation for the selling of the two buildings owned by the Corporation and also such lands in Florida as the Corporation agrees to sell, and is to be paid the regular Real Estate Board Commission for his

services in the sale of these properties. This exclusive sale contract is to be good for two years from signing this contract the date of ∧ the closing of this transaction, and from then on unless otherwise notified to the contrary by the Corporation.

(Signed) B. T. Adkins

(Signed) W. W. Sterling

Accepted J J. Buttles (Signed)''

In the original complaint filed by plaintiff such instrument was shown without any amendments being shown thereon. The evidence discloses that both Sterling and the defendant had stated that they did not have any money and offered the stock to the plaintiff Buttles so as to have him work with them to raise sufficient cash to operate and to organize the corporation. Buttles (it was testified) was unable to sell certain property, and as a result, no money was raised and the corporation was never formed. It was the testimony of both the defendant Adkins and of Sterling that Buttles was to receive stock in the corporation which was to be formed, and that the interlineations referring to ''cash or'' stock were made after the agreement had been signed. It was likewise testified by Sterling and the defendant that Buttles was to be vice president in the corporation and there was a distinct understanding that Buttles was to sell one of the properties before the corporation was organized, and that the corporation was never organized for the reason that Buttles never produced a buyer for the property. The evidence also showed that neither the defendant Adkins nor Sterling had received any substantial benefits from any services which were rendered by Buttles in connection with the transaction involved in this proceeding.

A previous action had been instituted by Buttles, as against Sterling, but a nonsuit had been taken in such action, and after waiting nine years, the present ac-

tion was instituted as against defendant by Buttles. After the introduction of evidence, both oral and written, on the part of both plaintiff and defendant, the trial judge found the issues in favor of the defendant and rendered judgment in bar of the action against the plaintiff. It is contended by the plaintiff that such conclusion of the court was erroneous for a number of reasons, but principally on the ground that judgment should have been entered in favor of plaintiff on the pleadings, that the written obligation entitled plaintiff to a recovery as against the defendant, and on the ground that the conclusion of the court below was against the manifest weight of the evidence.

Plaintiff made no effort to strike the answer of the defendant for lack of verification, and proceeded with the introduction of evidence in support of the agreement in its modified form. We feel there is, therefore, no issue on the pleadings for determination by this court. The failure to file a verified answer only dispenses with proof of execution of the instrument and its validity may still be questioned (*Perry v. Western Motor Car Co.*, 279 Ill. App. 195). From a reading of the agreement executed by the parties hereto, and upon which this action is based, even as amended, its meaning is open to some doubt and it cannot be stated that it is unambiguous, or that it represents all of the engagements of the parties relating thereto.

The contemporaneous instruments under consideration in this matter may be construed as a single instrument, but extrinsic evidence was properly admitted to show the meaning where the language was susceptible of more than one construction (*Wolf v. Schwill*, 289 Ill. 190). It has consistently been held that where any doubt exists as to the meaning of a contract, resort may be had to the circumstances surrounding its execution (*Adams v. Gordon*, 265 Ill. 87; *Gould v. Lewis*, 267 Ill. App. 569).

In the construction of such a contract as appears in the instant case it is proper to ascertain the circumstances surrounding the parties and the object they had in view, so as to give effect to their real intention, whenever that can be done without violence to the plain meaning of the language used (*Wolf v. Schwill, supra; Hedrick v. Donovan,* 248 Ill. 479). It is apparent from the testimony of both Sterling and Adkins that Buttles was to receive stock in the corporation which was to be formed, or cash in the alternative if Buttles' contention is sound and that he was to make sale of one of the properties for the purpose of raising money to make possible the formation of the corporation. His failure of performance in this regard precludes his recovery on the executed contract (*Lawrence v. Rhodes,* 188 Ill. 96).

Upon a review of all of the evidence introduced in this cause and of the agreement which is made the basis of the action, there was apparently a joint undertaking by the defendant and Sterling and the agreement was not an unconditional promise to pay any fixed amount at any fixed time, or for any definite service previously rendered, but was contingent upon the carrying into fulfilment of its terms, that is, the organization of the corporation. It is also apparent that a condition to the organization of the corporation was the performance by Buttles of his undertaking to sell one of the properties to furnish the funds with which the corporation was to be organized. The fact that the large amount of compensation was to be paid is a sound indication of the improbability that the contention of plaintiff was correct, and was entirely consistent with the testimony of the defendant and Sterling as to the nature of the agreement and its object. As stated in the case of *Allen v. Mosser, Willaman & Co., Inc.,* 336 Ill. 500, at page 504.

"The large amount of compensation offered might indicate that the possible uncertainty of a successful syndication . . . was in the minds of the parties

when the proposal or agreement was made and accepted. It is unquestionably true that no such large payment of money as herein involved would be provided for in a contract for personal services where no time of employment is recited, or amount of services is particularly specified, without the clear implication and understanding between the parties that the payment of such compensation was dependent upon the successful result of the undertaking involved. . . . It might be said that the contract expressed the idea of a sort of co-operative relationship whereby the services and efforts of both parties thereto were required to be expended in obtaining the intended and desired result. However, an analysis of this entire agreement reasonably results in the conclusion that payment to Allen was not to be made, unless the undertaking for which his alleged skill and experience was sought, was carried to a successful conclusion.''

Similarly, in the instant case, the testimony of defendant and Sterling to the effect that the plaintiff was to make sale of one of the properties as a preliminary to the organization of the corporation, seems consistent with the agreement upon which the claim of plaintiff is based. The successful organization of the corporation was apparently intended as a preliminary condition to payment of anything to Buttles.

We have not discussed in detail the very persuasive testimony of the defendant and Sterling that the agreement was modified to provide for payment in cash, after it had been signed by the parties and without their consent, for the reason that it is unnecessary to discuss such evidence further in view of our conclusion set forth herein.

This cause was tried by the court below, without a jury. This court, on review, is not authorized to substitute its findings of fact for those of the trial court, unless the conclusions of the court are clearly against the manifest weight of the evidence (*Mousette v.*

*Monarch Life Ins. Co.*, 309 Ill. App. 224; *Chamblin v. New York Life Ins. Co.*, 292 Ill. App. 532).

We cannot say that the trial judge who heard the evidence and saw the witnesses who testified in court, has come to a conclusion that is clearly erroneous. The judgment of the circuit court of Jasper county in favor of the defendant will, therefore, be affirmed.

*Judgment affirmed.*