(No. 28253.—

Gula Finney *et al.,* Appellants, *vs.* Eva White *et al.,*
Appellees.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

Alpheus Gustin, of Harrisburg, (Stanley Werdell,
and Benjamin J. Sachs, both of Chicago, of counsel,) for
appellants.

James A. Watson, of Elizabethtown, for appellee Eva
White.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Gula Finney and Herbert E. Hill, the appellants here, filed their bill of complaint in the circuit court of Hardin county for the cancellation of a quitclaim deed, for partition and an accounting against the appellees, Eva White, and others. Upon the trial of the case, the court dismissed the complaint for want of equity, and, a freehold being involved, the appeal is brought to this court.

The controversy arises over the settlement of the estate of James Loren White, who died intestate June 9, 1943. He left surviving him, as his only heirs-at-law, his widow, Eva White, and Gula Finney, his half sister, and Herbert E. Hill, a half brother. He died seized and possessed of a substantial amount of personal property not directly involved in this suit and a number of tracts of real estate of the agreed total value of $15,754.70.

Shortly after her husband's death, Eva White employed an attorney, Clarence E. Soward, State's Attorney of Hardin county, to assist her in the settlement of the estate. On June 14, 1943, she was appointed administratrix of her husband's estate. On June 21, she had written for her, a letter to Gula Finney and husband asking them to come to her home at Rosiclare, Illinois. On June 25, Mr. and Mrs. Finney and Mr. and Mrs. Hill visited at the home of Mrs. White in response to the letter. While there at the home, Eva White sent for lawyer Soward, whom she interviewed while the other parties were in her home, and on the next morning Soward prepared a contract of settlement and a quitclaim deed to all of the real estate, both of which were executed by Gula Finney and her husband and by Herbert E. Hill and his wife. At the same meeting Gula Finney and Herbert E. Hill were each paid the sum of $500 by Eva White, which was the consideration expressed in both the contract and the deed.

The above facts are not in dispute but the testimony concerning the details and circumstances surrounding the transaction is in some conflict. The appellants ask the cancellation of the contract and deed on the ground of fraud. The questions of partition and accounting are dependent upon whether or not the contract and deed are valid or held void. The other defendants to the complaint, and appellees here, were persons who had purchased part of the real estate from Eva White after the date of the quitclaim deed in controversy in this suit.

The first two paragraphs of the contract of settlement provided as follows:

"1. The party of the first part agrees to pay to Gula Finney and Herbert Hill parties of the second part, the sum of Five Hundred Dollars ($500) each on the signing of this agreement for all of their interest in the estate of James Loren White deceased, including both real personal and mixed property.

"2. The parties of the second part agree to execute a deed to all their interests in any real estate they may have or any interest in any real estate that they may have by virtue of descent from the estate of the said James Loren White, that the said deed will be executed and delivered at the same time of the signing of this instrument."

While the quitclaim deed was signed at the same time as the contract, Gula Finney and her husband, Herbert B. Finney, claim they did not know they were signing a deed at the time, but were told the deed was a duplicate of the contract. They also testified that they understood the $500 paid to them was a gift; that they never understood they were conveying away their interest in the real estate; that they were told their signatures would apply only to the personal property of the estate and the management of the same. Herbert B. Finney stated that at the time he signed the deed, all but the two lines for signature were covered over by the contract. Gula Finney testified she could not see the contents of the deed because Mr. Soward held his arm over the instrument. Herbert Finney further

testified that at the time the deed was signed he knew there were about eighteen pieces of real state owned by James Loren White at the time of his death.

The Finneys returned to Rosiclare on September 8, 1943, and claim that then for the first time they learned they had conveyed away all their interest in the real estate. Eva White was called for cross-examination and testified the $500 was agreed upon as the consideration for the execution of the deed by the Finneys.

Clarence E. Soward, the attorney, was the sole witness for the appellees. He testified that he was called to the home on June 25, 1943, and talked to Eva White, who told him about the settlement; that he prepared the contract of settlement and deed and returned to the home the next day; that he presented the papers and the Finneys and the Hills took them out of the room for examination and were gone about twenty minutes. When they returned there was some general discussion about the terms, but the Finneys and the Hills finally agreed to, and did, sign and execute the contract and deed; that at the same time he prepared two checks for Eva White to sign, one payable to Gula Finney for $500, and one payable to Herbert E. Hill for the same amount; that he explained to the appellants that they had no interest in the personal property of the estate, but that they did have an undivided one-half interest in the real estate; that both checks were delivered to the payees thereof on that occasion and that Soward took possession of the contract and deed as the attorney for Mrs. White.

There is one significant fact to be noted about this record. The complaint recites that both Gula Finney and Herbert E. Hill are plaintiffs and at the bottom of the complaint appear two lines for signatures. Underneath the bottom line is written "Plaintiffs." The signature of Gula Finney is attached on the upper line but the complaint is not signed by Herbert E. Hill. The affidavit attached to the complaint purports that it is made by Gula Finney and

Herbert E. Hill, but only the name of Gula Finney is signed to the affidavit and another blank line is beneath her name with the word "Affiants" typewritten below. While the abstract, on page 8, recites that the complaint is signed and sworn to by Gula Finney, individually and as the agent of Herbert E. Hill, the record does not bear out this statement. Nowhere in the record is it shown that Gula Finney was authorized to, or did, act as the agent of Herbert E. Hill. He did not file any reply to the answer of Eva White nor is his name signed to any paper filed by plaintiffs. Neither did he take the stand or testify for either side on the trial of the case.

Herbert B. Finney was acting in behalf of his wife, and testifies that although he read the contract he did not understand its terms, although he admits asking Mr. Soward to explain the meaning of clause two. Finney was a man 58 years of age and a machinist by trade.

This court has, on repeated occasions, stated that in order to set aside a deed on the ground of fraud, the evidence must be clear and convincing. (*Bennett v. Hodge,* 374 Ill. 326; *Shlensky v. Shlensky,* 369 Ill. 179.) The burden of proof was upon the appellants to prove the allegations of fraud by such clear and convincing evidence as leaves the mind well satisfied that the allegations are true. (*Sirois v. Sirois,* 308 Ill. 453; *Carter v. Carter,* 283 Ill. 324.) In the *Sirois case* it was said that a deed duly executed and delivered cannot be impeached by the subsequent declarations of the grantor, citing *Hagan v. Waldo,* 168 Ill. 646.

Appellants further urge that a fiduciary relation existed between appellee Eva White and the appellants, and that therefore the burden was upon said appellee to prove the transactions between them to be fair. The rule many times adopted by this court is that a fiduciary relation exists between parties where there is a relation of trust and confidence between them,—that is, where confidence is reposed

by one party and the trust accepted by the other. (*Beach* v. *Wilton,* 244 Ill. 413.) We can find no evidence in the record which shows that Gula Finney and Herbert E. Hill were dependent parties to the transaction or that Eva White was the dominant one. All parties apparently were of about the same age, of the same station in life and of similar ability and mentality, and there is no testimony indicating that Eva White was superior to the other parties in those respects.

No fiduciary relation arises out of the kinship of the parties, alone. (*Kosturska* v. *Bartkiewicz,* 241 Ill. 604.) Where it is sought to establish a fiduciary relation by parol evidence, the proof must be clear, convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Bennett* v. *Hodge,* 374 Ill. 326.) While the evidence in this record shows a friendly relationship, it does not show that any special confidence is reposed on one side and domination and influence on the other.

Appellants maintain that the consideration paid is so unconscionably inadequate that it amounts to fraud. It is true in this case that the amount of the consideration paid does not level up with the agreed value of one half of the real estate, and there is no satisfactory explanation in the record as to just how the sum of $1000 was arrived at or agreed upon. In a recent case concerning the question of inadequate consideration, (*Logue* v. *Von Almen,* 379 Ill. 208,) this court said: "Mere inadequacy of consideration is not a distinct ground for equitable relief against the obligation of a deed, and, standing alone, is ordinarily of little weight as evidence of fraud, yet when it is accompanied by circumstances of overreaching, oppression, or undue influence, or when through the ignorance, age, mental or physical condition of the grantor or by misrepresentation, surprise or stress of financial circumstances the grantor is led into an improvident bargain, relief will be granted."

Appellants rely on the case of *Page* v. *Keeves,* 362 Ill. 64, in support of their position. In that case a widow, 81 years of age, in poor and failing health and without business experience, was induced to convey her residence, of a value in excess of $6000, for a business property where the value did not exceed the amount of a $10,000 mortgage. It was held by this court that she received nothing of value for her conveyance. There was much concealment of pertinent facts and many misrepresentations concerning the rents and the extent and character of the property. It was also evident that she relied upon the statements which were calculated to mislead her in making an improvident bargain.

None of the elements above mentioned, to support a charge of fraud, are present in this record. The appellants rely entirely on the fact that they did not know they were signing a deed. That they knew the extent of the real estate owned by James Loren White at the time of his death is confirmed by the statement in Finney's testimony that he knew the decedent had about eighteen pieces of real estate.

We are not impressed by the testimony of appellants that they did not know they were signing a deed or that the contents of the deed were deliberately concealed from their inspection at the time of signing. There is no evidence, excepting their own testimony, tending to show that appellants were misled into signing a deed. The language of the contract and of the deed was plain and unambiguous, Finney testified that before signing the papers Herbert E. Hill asked him to read the contract to him, which Finney did. There can be no question about the delivery of the deed because Herbert Finney testified that Clarence Soward, as the attorney for Eva White, took the papers and placed them in his valise after they had been executed and the consideration paid to the grantors. Neither can the certificate of the acknowledgment of the deed, in the manner provided by law, be overcome by the unsupported testimony

of the grantors. *Houlihan* v. *Morrissey*, 270 Ill. 66; *Kosturska* v. *Bartkiewicz*, 241 Ill. 604.

From a thorough examination of the evidence and the record, we are convinced that the appellants have not sustained the burden placed upon them of proving the charge of fraud. Nor does the record show a fiduciary relationship existing between the parties. The chancellor who tried the case saw the witnesses and heard them testify and was in a better position to determine their credibility than we are. The chancellor in this case evidently believed the witnesses for the appellees and so found. A court of review will not disturb the findings of fact made by the chancellor, under such circumstances, unless they are clearly against the manifest weight of the testimony. The evidence in this record is not of such a clear and convincing character as to justify this court in declaring void the quitclaim deed of June 26, 1943, to the appellee Eva White.

The decree dismissing the complaint for want of equity is correct and is affirmed.

*Decree affirmed.*