(No. 30125.—)

ABRAHAM BERNSTEIN, Appellant, *vs.* EDWARD BERNSTEIN *et al.*—(EDWARD BERNSTEIN, Appellee.)

*Opinion filed September 18, 1947.*

FRANK P. ZALESKI, and JOSEPH F. EICHLER, both of Chicago, for appellant.

SAMUEL S. EPSTEIN, and ALEC E. WEINROB, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Abraham Bernstein, appellant, appeals from a decree of the circuit court of Cook County dismissing his complaint against his son, Edward, for want of equity. Hereafter appellant is referred to as the father, and appellee as the son. The father filed a complaint in chancery to set aside two warranty deeds conveying certain properties to the son, reserving a life estate in himself. The father's complaint alleges that his son committed fraud in securing his

signature to the deeds, representing to him that they were simply affidavits for the father to sign, relating facts concerning his birth, for the purpose of securing old age assistance; that he was unable to read or write, and depended entirely upon the son; that the latter never paid him any consideration, and that the signature of the father to the deeds in question was obtained by fraud and misrepresentation, and should be set aside. The son by his answer denied any fraud, or that he ever told his father to sign any papers with reference to the property; but alleged the two deeds in question were executed in the office of the father's lawyer; that the father, who was then a widower, desired that the son come to live with him; and also, that the father was contemplating remarriage, and did not desire the real estate encumbered with a dower interest.

The case was heard by the chancellor, who entered a decree finding the conveyances in question were made for a good and valuable consideration; that the deeds were executed according to law, and without fraud and duress; that the plaintiff failed to prove the allegations of his complaint, and that the complaint be dismissed for want of equity.

Abraham Bernstein was the only witness in his own behalf. The son was supported by two witnesses. Oscar Nudelman testified he was a lawyer, and that the father came to his office to execute the deeds, but he did not remember whether the son was present. Irwin Racine testified he was a lawyer and notary public, and that he took the father's acknowledgment to the deeds. Neither of the defendant's witnesses was cross-examined, nor was their testimony rebutted. The son testified his father remarried six months after his mother died, and shortly thereafter divorced this woman. Thereafter, he went to live with his father, who was seventy-five years of age, and the father, when about to marry again, executed an antenuptial agreement, in which it was agreed the real estate was to

be conveyed to the son, subject to a life estate in the father. This agreement, as well as the deeds, was received in evidence, without objection.

On this state of the evidence found in the record, the case of *Jaworski* v. *Sujewicz,* 334 Ill. 19, involving a very similar situation, is persuasive. In that case the plaintiff sued to set aside a deed, alleging fraud and misrepresentation. The plaintiff was the only witness. The trial court set aside the deed, but this court reversed the decree because the plaintiff was not corroborated as to what took place at the time of the execution of the deed, while the defendants were corroborated by other witnesses. In that case we said: "Fraud will not be presumed, but must be proved by such clear and convincing evidence that the mind is well satisfied that the charge is true. (*Carter* v. *Carter,* 283 Ill. 324; *Mosbarger* v. *Brown,* 313 id. 238.) Where a deed has been acknowledged and contains the certificate of an officer authorized by law to take an acknowledgment, the certificate of the officer showing that the deed was executed and acknowledged by the grantor cannot be overcome or impeached by the testimony of the grantor, alone." To overcome the certificate of acknowledgment to a deed clear and satisfactory proof is required, and this demands more than the unsupported testimony of the grantor. *Houlihan* v. *Morrissey,* 270 Ill. 66; *Jaworski* v. *Sujewicz,* 334 Ill. 19; *Finney* v. *White,* 389 Ill. 374.

This court will not reverse the chancellor, where the testimony is heard in open court and is conflicting, unless the finding is clearly and palpably wrong. (*Fabrice* v. *Von der Brelie,* 190 Ill. 460.) The chancellor saw the witnesses and heard their testimony, and was in much better position to judge the truth of their statements then are we. It is our opinion that the findings of fact by the chancellor are amply supported by the evidence.

The decree of the circuit court of Cook County will be affirmed.

*Decree affirmed.*