(No. 38333.—

FIRST LIEN Co., Appellant, *vs.* V. MARKLE, Trustee, *et al.,* Appellees.

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

LYLE H. ROSSITER, of Chicago, for appellant.

DAVID KRUEGER and ARTHUR W. MAIN, JR., both of Chicago, (CHARLES D. SNEWIND and ROBERT A. SPRECHER, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves questions of the validity of a judgment and order of sale for delinquent taxes. Petitioner, First Lien Co., as holder of a certificate of purchase, sought an order for a tax deed pursuant to section 266 of the Revenue Act. (Ill. Rev. Stat. 1963, chap. 120, par. 747.) The trial court denied the petition for tax deed, and ordered the purchase money returned to the petitioner by the county treasurer. From this order petitioner appeals directly to this court. Because the order of the trial court compelled the payment of tax money by the county treasurer to petitioner, the case involves revenue giving this court jurisdiction on direct appeal. Rule 28—1, 28 Ill.2d XXVIII.

On May 16, 1960 the county treasurer of Cook County filed an application in the county court for judgment and an order of sale against lots and lands delinquent in the payment of taxes for 1958. On May 27, 1960, judgment was entered against all lots listed in the Tax Judgment Sale Redemption and Forfeiture record, and the sale of

such delinquent lots was ordered to be made by the county treasurer. Included in the list of delinquent lots were defendants' three lots.

Petitioner purchased defendants' lots at the tax sale on June 15, 1960, and a certificate of purchase in the amount of $790.49 was issued and registered. On April 12, 1962, petitioner extended the period of redemption to September 4, 1962, and filed its petition under section 266 of the Revenue Act for an order of the county court directing the county clerk to issue a tax deed in the event that no redemption was made by the time the period of redemption as extended expired.

After the expiration of the period of redemption, defendant David Krueger, the assessee and party last paying taxes, appeared in court as attorney for defendant V. Markle, Trustee, the owner of the legal title, and answered the petition asserting (1) that the county assessor had failed to file an "Objection 1" on the defendants' behalf, before the judgment and order of sale of May 27, 1960; (2) that late in the year 1962 an "Objection 1" was filed and upon November 19, 1962, a judgment in Error and Abatement was entered in which that part of the 1958 tax which was attributable to a second nonexistent bungalow was deleted from the assessed value, and (3) that the judgment of May 27, 1960, was void.

After a hearing the trial court held that the 1958 tax delinquency for which the property was sold was a result of an improper increase of assessment in a nonquadrennial year, and that the assessment and sale were therefore void. The court denied First Lien Co.'s petition for tax deed, and ordered the county collector to refund the amount of the sale and the amount paid on account of subsequent taxes. From this order petitioner appeals.

It does not appear to us that the relevant facts are in dispute. The premises involved consist of three adjacent lots, 25 feet wide and 122 feet deep, improved with a single-

family six-room house with attached garage built in 1952. In 1955, the quadrennial assessment year for Cook County, the premises were assessed at $3,543. In 1956, the assessor increased the valuation to $6,797 without prior notice to defendants, on the erroneous belief that a second house had been built on the premises.

The assessee pointed out the error in the 1956 tax bills to the assessor and the property cards were changed and he was advised to pay only the first installment, which he did. Similar action was taken in connection with the 1957 and 1958 assessment.

On June 9, 1960, in response to letters from defendant Krueger, the assessor wrote him that the assessor's records indicated that a proper objection had been listed, and that in due course the 1958 tax would be satisfied by the partial payment. A similar letter was received by Krueger regarding 1959 taxes.

Ultimately a so-called "Objection 1" was filed on October 24, 1962, with respect to these parcels and on November 19, 1962, a purported correction was entered by the county court reducing the assessment, and the defendants thereafter paid the balance which was purported to be due.

It is apparent that defendants relied on correspondence and conversations with the assessor's office in assuming that an "Objection 1" would be filed to correct the assessment prior to judgment.

An "Objection 1" is a device used in Cook County tax collection machinery. It is an objection filed by the assessor to the application of the county treasurer for judgment and sale against lots and lands which are delinquent in the payment of taxes, and number "1" is reserved by the clerk of the county court each year for such objection. It is divided into subnumbers which annually number about two thousand. A parcel number is assigned by the assessor for each lot or unit of land to which an "Objection 1" is filed. Such objections are not filed all at one time but may

be filed on several occasions and over a period of time when the assessor determines that he has made an error in his assessment—such as assessing a vacant lot for an improvement when in fact there is no improvement, assessing a lot as improved when in fact the improvement had been destroyed by fire, *etc.* When an "Objection 1" is filed with the clerk of the county court, it is posted on the county treasurer's warrant books and upon the Tax Judgment Sale Redemption and Forfeiture records. The posting of an "Objection 1" is made regardless of whether the tax has been paid or not. It is the only objection in Cook County which the clerks of the treasurer's office will post without payment of the tax in full, as a condition precedent to the posting. If an "Objection 1" is posted in either the treasurer's warrant book or in the Tax Judgment Sale Redemption and Forfeiture record before the date of sale of the parcel against which it is posted, the parcel will not be offered for sale by the deputy treasurer conducting the sale. It is used as an accommodation to the property owners where real estate has been overassessed through errors in the assessor's office.

Despite the assurances of the assessor's office there appears no record of any Objection 1 being filed prior to October 24, 1962, long after the judgment and order of sale on May 27, 1960.

On this appeal the petitioner, First Lien Co., argues that the judgment and order of sale of defendants' property was final and conclusive on May 27, 1960; that it could not be collaterally attacked more than two years later upon a hearing upon a petition for a tax deed under section 266 of the Revenue Act; that even if a defense to the original judgment and order of sale could be heard upon a petition for tax deed, the failure of defendants to pay the 1958 tax in full and prior to filing their objection, as required by sections 194 and 235 of the Revenue Act, precluded the assertion of their defense; that defendants having had one

year in court during which time they could have redeemed from the tax sale and having refused to redeem, petitioner is entitled to a tax deed.

Defendants, however, insist that petitioner was not entitled to a tax deed because the judgment and sale was based upon a void assessment, and further that the petitioner, claiming through the tax sale, is estopped from questioning the assessor's representation that the errors in assessment had been corrected.

It is not questioned that the increase in the assessment of defendants' lots in a nonquadrennial year without prior notice to the taxpayer was improper. (Ill. Rev. Stat. 1963, chap. 120, pars. 525, 578.) Nor is there any doubt that such an objection to the application for judgment and sale should have been allowed. *People ex rel. Nelson* v. *Jenkins,* 347 Ill. 278; *People ex rel. Harding* v. *Bender,* 330 Ill. 446.

However, it is also undisputed that no such objection was presented to the trial court prior to the judgment and order of sale of May 27, 1960; no appeal was taken therefrom; and no petition under section 72 of the Civil Practice Act was filed within two years of the entry of said order.

The trial court acquired *in rem* jurisdiction of the property and of the subject matter upon the collector's application for judgment and order of sale, and therefore had the power to enter the judgment order against defendants' lands. (*Urban* v. *Lois, Inc.,* 29 Ill.2d 542, 546; *Shapiro* v. *Hruby,* 21 Ill.2d 353, 358; *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, 454.) Whether the assessment was erroneous or illegal, the trial court had the jurisdiction to determine the validity of the assessment, and that determination, no matter how erroneous, is conclusive upon the parties after 30 days, unless grounds exist for a petition under section 72 of the Civil Practice Act.

This court clearly established the scope of defenses to a petition for tax deed in *Young* v. *Madden,* 20 Ill.2d 506, 511: "It is clear that the statute contemplates a summary

judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition. *Objections that would have been proper in the original proceeding for judgment and sale for taxes are not proper here.* (*Cherin v. The R. & C. Company,* 11 Ill.2d 447; *Allen v. Nettleton,* 6 Ill.2d 141.) The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed." (Emphasis added.)

The finality of the tax judgment and order of sale was clearly established by the legislature in section 270 of the Revenue Act when it provided as follows: "And any judgment for the sale of real estate for delinquent taxes, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions, the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid or the real estate was exempt from general taxes under this Act or was not subject to special assessment." Ill. Rev. Stat. 1963, chap. 120, par. 751.

In this case the tax had not been paid in full nor was the property exempt from taxation. It therefore must follow that the judgment and order of sale was conclusive as to defendants' objections to the assessment which clearly existed prior to the rendition of the judgment and could have been presented to the court as a defense to the collector's application for judgment.

We have examined the cases cited by defendants to the effect that notice to a taxpayer is a condition precedent to an increase in an assessment. With one exception, these cases involve litigation between the taxpayer and the col-

lector and do not involve the rights of a tax purchaser who purchased in reliance on a judgment and order of sale regular on its face. (*People ex rel. Nelson* v. *Jenkins,* 347 Ill. 278; *People ex rel. Harding* v. *Sheridan-Brompton and Annex Bldg. Corp.,* 331 Ill. 495; *People ex rel. Harding* v. *Bender,* 330 Ill. 446; *People e rel. Eisele* v. *St. Louis Merchants Bridge Co.* 268 Ill. 477; *People ex rel. Bracher* v. *Vail,* 296 Ill. 61; *Keokuk and Hamilton Bridge Co.* v. *People ex rel. County Treasurer,* 161 Ill. 132; *Howe* v. *People ex rel. Huck,* 86 Ill. 288.) These cases are authority only for the undisputed fact that defendants here had a right to object and defeat the collector's application. This they did not do, and the judgment became conclusive as to the validity of the assessment.

One case cited by defendants, *Drake* v. *Ogden,* 128 Ill. 603, decided in 1889, appears to void a tax sale on the ground that a part of the tax levy upon which the judgment was based was illegal, even though no objection was raised to the collector's application for judgment. This decision was based upon the theory that the real estate was not liable for an illegal tax.

If this reasoning of the *Drake* case was not completely vitiated by *People* v. *Miller,* 339 Ill. 573, 586-590, it is in direct conflict with section 270 of the Revenue Act, (Ill. Rev. Stat. 1963, chap. 120, par. 751,) and cannot affect our opinion that the judgment and order of sale constituted a conclusive determination of its regularity and validity.

Defendants also suggest that they were denied due process of law by the increased assessment without notice or an opportunity to be heard. This argument and the cases cited in support thereof fall far short of the mark. Due process only requires notice and an opportunity to be heard at an appropriate time in a proceeding. Defendants here had notice of the increased assessment and a right to be heard in objection thereto on the collector's application prior to judgment. They were also afforded a right to re-

deem from the sale. Although they availed themselves of neither right, due process was not denied.

Defendants' second major contention is that the petitioner claims through the assessor and is therefore estopped from questioning the assessor's representations that his errors had been corrected and that an "Objection 1" had been filed. We see no basis of estoppel in this case. It is patent that petitioner does not claim through, or acquire title from the assessor. Petitioner's claim arises by virtue of his purchase at a judicial tax sale, relying on a conclusive judgment and order of sale regular on its face. His rights cannot be affected by reason of representations of the assessor made to defendants. To hold otherwise would destroy the stability of tax titles that the legislature has determined to create. *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.

It should also be noted that defendants had no right to rely on the assessor filing a so-called "Objection 1". The Cook County "Objection 1" practice is unauthorized by statute and constitutes a convenient administrative device for the correction of the assessor's errors without cost or hardship to the individual taxpayer. Its customary use cannot excuse a taxpayer from protecting his rights according to statutory procedures, and certainly no such objection can serve to invalidate a judgment after its rendition. The act of the assessor in accommodating the taxpayer cannot defeat the statutory rights of an innocent purchaser relying on a judgment regular on its face.

It is our conclusion that the admittedly erroneous assessment of defendants' property, the filing of an "Objection 1" after judgment, and the representations of the assessor do not constitute valid defenses to First Lien Co.'s petition for a tax deed.

Finally, to support the trial court's denial of the petition for a tax deed, defendants argue that petitioner did not comply with the notice requirements of sections 263 and

266 of the Revenue Act (Ill. Rev. Stat. 1963, chap. 120, pars. 744, 747.) Since the trial court held the tax sale was void, it made no findings as to petitioner's compliance with the conditions subsequent to a tax sale as provided in sections 263 and 266. The cause must therefore be remanded to the circuit court of Cook County for the sole purpose of determining if petitioner had substantially complied with the statutory conditions subsequent to tax sale. If it had done so, it was then entitled to a deed, and the trial court should have so ordered. See *People* v. *Orth,* 21 Ill.2d 205, 211; *Young* v. *Madden,* 20 Ill.2d 506, 511; *People* v. *O'Keefe,* 18 Ill.2d 386.

*Reversed and remanded.*