*In re* APPLICATION OF COOK COUNTY TREASURER AND EX-OFFICIO COLLECTOR. (Joseph Wahrer *et al.*, Intervening Objectors-Appellants.)

First District (4th Division)  No. 81—2066

Opinion filed September 23, 1982.—Rehearing denied October 27, 1982.

James A. Rooney, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Thomas J. McNulty, and Randye A. Kogan, of counsel), for appellee County Collector of Cook County.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Objectors, Joseph and Gretchen Wahrer, appeal from the trail court's denial of certificates of error issued by the Cook County assessor. They raise the following issues for review: (1) whether the trial court may impose different and further requirements on a taxpayer who intervenes in a certificate of error proceeding than are imposed upon the assessor when the certificate is presented by that public official on behalf of the taxpayer; (2) whether the trial court may substitute its judgment for that of the assessor when the latter confesses that he made an error in the assessment of property; (3) whether the doctrine of separation of powers precludes the trial court from denying a validly executed certificate of error; and (4) whether the trial court's decision denying the certificates was against the manifest weight of the evidence.

We affirm.

For 1978, intervening objectors Joseph and Gretchen Wahrer (hereinafter the taxpayers) owned and paid taxes on property which was used as a "mini-warehouse," a personal storage facility containing cubicles rented on a month-to-month basis. The mini-warehouse had opened in late 1977 and contained a total of 295 units in three sizes: 50, 150 and 250 square feet. The number of units rented in 1978 varied from a low of 50 in January to a high of 210 in October. The taxpayers estimated average occupancy for 1978 as approximately 50%, but they kept no monthly statistics on the total amount of space rented. Total rentals for the property for 1978 amounted to $91,793.

On August 25, 1979, taxpayers' attorney sent a letter to the Cook

County assessor suggesting that certificates of error be submitted for their property for 1978. For that year, the mini-warehouse had received a full assessment. Taxpayers believed the property should have received a partial assessment based upon initial occupancy and reduced gross income. Taxpayers asked that the assessment be reduced from $226,600 to about $160,000. The assessor granted certificates of error to reduce the assessment to $207,540. At a hearing on July 7, 1981, the assistant State's Attorney, Ronald Hubka, presented certificates Nos. 3080 and 3081 to the circuit court as objections in the 1978 application for judgment and order of sale against taxpayers' property. Approval of the certificates would mean that the taxpayers would be entitled to a refund of 1978 real estate taxes.

At the hearing, Hubka discussed the basis for the reduced assessment:

"MR. HUBKA: *** I will tell you he [taxpayers' attorney] went through a very nice workout. What I did is looked and found the assessor worked it on an income approach. Mr. Rooney [taxpayers' attorney] wanted to do it on an occupancy approach. But I think the bottom line I found was a depreciable base."

Later, the court inquired:

"THE COURT: Well, how do you work a market based on partial occupancy? That is a theoretical question.

MR. HUBKA: Very difficult. The assessor used to have the old workout for apartment buildings.

THE COURT: You can't use that, because they already used up first year occupancy and *** I am very reluctant to use a purported figure because the owner *** says for the last four months of the year the occupancy range is 205 and 210 units; but he can't tell us whether it is the 50 square foot units, the 150 square foot units, or 250 square units.

What theory are we really going on? As it is established that it is only partially occupied. There is partial occupancy.

MR. HUBKA: The theory of the taxpayer is partial occupancy. The theory of the assessor is take an economic workout. To me, the assessor did it anyway, you know worked out partial occupancy, was run on certainly an economic workout. I think the gross rentals, less the actual expenses.

* * *

MR. HUBKA: Well, in effect you are saying that the theory of the taxpayer was occupancy; the theory of the assessor is economics.

THE COURT: Neither one satisfies, is completely satisfactory.

MR. HUBKA: Yes. The complaint is on occupancy; they can probably bring in leases to show the percentage for each month. The assessor normally has a method for working that out up until it gets it for full occupancy. We have had that for a year before or two, as it is being leased out, they take a percentage each month.

THE COURT: Yes, but *** you are going to have trouble doing it, because *** no monthly breakdown was kept as to the units that were rented each month, so how is he [the owner] going to tell which is which?

I do not have the data on which to arrive at something satisfactory, so the objection will be denied ***.''

Taxpayers then filed a petition to intervene which was granted. They filed an objection which the collector moved to dismiss and a motion to vacate the order denying certificates of error. Taxpayers prayed that the certificates of error be granted and a refund made to them. The trial court granted collector's motion to dismiss and denied taxpayers' motion to vacate. It explained its rulings as follows:

"THE COURT: I think the motion to dismiss is well taken in part, but I granted leave to intervene, which *** was granted if there was an application for judgment against these two parcels of property for the year 1978.

The intervention was *** a matter of right because the people are the owners of the property.

*** [T]he motion on behalf of the Objectors, ***, was denied because they have no standing to move to vacate the Assessor's objection, but leave was given for the owners of the property to intervene on the application for judgment in the proceedings against this property ***.

The objection and the other pleadings on their face show there was no exhaustion of administrative remedies, which is a requirement to maintain a specific objection, which the taxpayers have been allowed to intervene for the purpose of presenting; in addition to which, Section 675 of the Revenue Act requires that taxes be paid under protest in order for a specific objection to be maintained.

The pleadings show that although the taxes were in fact paid, that they were not paid under protest, so for those reasons, I would grant the motion to dismiss the intervening objection of Mr. and Mrs. Wahrer. ***.

* * *

*** [Taxpayers] are entitled to intervene in the collector's application. In other words, I am treating it *** just the same as a late objection."

Taxpayers appeal from this decision.

At issue in this case is whether the trial court erred in any manner in denying the certificates of error. Taxpayers argue that absent fraud the trial court has no jurisdiction to deny a validly executed certificate of error. According to taxpayers, the presentation of a certificate of error is the presentation of a consent judgment. No weighing of evidence is contemplated or necessary. In the certificate of error proceedings, the court is limited to an inspection of whether the agreement was properly executed. If it was, and no fraud was apparent, the court's duty is to enter the judgment according to its terms. Taxpayers contend that the court is involved in the proceeding merely to protect the collector by entry of an order adjudicating what monies listed in the warrant books he does not owe to taxing bodies. In other words, the court enters an order to make the collector's books balance and to protect him from suit. Finally, taxpayers argue that the interests of society would be protected in a virtual "rubber stamp" proceeding because the assessor admits error in a very small percentage of cases, and because the statute requires that the certificate state the nature of the error, and that such certificate becomes part of the court records.

We disagree with taxpayers' contentions. Section 123 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 604) provides as follows:

"In counties containing 1,000,000 or more inhabitants, if, at any time before judgment is rendered in any proceeding to collect or to enjoin the collection of taxes based upon any assessment of any property belonging to any person or corporation, the county assessor shall discover an error or mistake in such assessment, such assessor shall execute a certificate setting forth the nature of such error, and the cause or causes which operated to produce it. The certificate when endorsed by the county assessor, or when endorsed by the county assessor and board of appeals where the certificate is executed for any assessment which was the subject of a complaint filed in the board of appeals for the tax year for which the certificate is issued, may be received in evidence in any court of competent jurisdiction. When so introduced in evidence such certificate shall become a part of the court records, and shall not be removed

from the files except upon the order of the court.

A certificate executed pursuant to this Section may be issued to the person erroneously assessed or may be presented by the assessor to the court as an objection in the application for judgment and order of sale for the year in relation to which the certificate is made."

■ We interpret the phrase, "may be received in evidence in any court" to mean that the trial court has discretion to accept or reject the certificates. Except when the trial court has abused its discretion, a court of review will not interfere with the manner in which it was exercised. (*Hill v. Meister* (1971), 133 Ill. App. 2d 678, 683, 273 N.E.2d 643, 647.) We have examined the record in this case. In our opinion, the trial court did not abuse its discretion in denying the certificates of error.

Taxpayers also raise constitutional objections to the trial court's decision. They argue that since the trial court did not limit their rights when the petition to intervene was granted, they had all the rights of the original objector, the Cook County assessor. Yet, the trial court ruled that taxpayers could not prosecute their objection. At a hearing on August 18, 1981, the trial court granted the collector's motion to dismiss taxpayers' intervening objection. Taxpayers contend this ruling effectively prevented them from utilizing the rights they obtained through intervention.

Taxpayers also allege that their rights under the equal protection clauses of the Illinois and United States constitutions were violated. Taxpayers contend the following:

"[T]here is no rational basis for allowing the assessor to file the certificates as objections to the annual application for judgment without regard as to whether a complaint was filed with the Board of Appeals or whether the taxes were paid under protest but denying the taxpayers their day in court because of a failure to comply with those technicalities. Moreover, in requiring the execution of a certificate by the Board of Appeals only where an assessment complaint has been filed with that body, the certificate of error statute itself contemplates that certificates may be presented where no complaint has been filed with the Board of Appeals."

■ In *Chicago Sheraton Corp. v. Zaban* (1978), 71 Ill. 2d 85, 92, 373 N.E.2d 1318, 1321, our supreme court rejected the contention that section 123 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 604) violates the right to due process. It stated that "plaintiff had neither a statutory nor constitutional right to participate in

the certificate of error proceeding or to challenge any alleged irregularities in that proceeding." 71 Ill. 2d 85, 92.

In *Van Driel Drug Store, Inc. v. Mahin* (1970), 47 Ill. 2d 378, 382, 265 N.E.2d 659, 661, our supreme court stated:

" 'Where the constitutional validity of a statute is assailed the objection must be specific and complete. It is not enough merely to assert in a vague and general fashion that constitutional safeguards are violated. The particular respect in which the statute violates some constitutional limitation must be pointed out and preserved for review in order to obtain a determination of such questions by this court.' "

Taxpayers merely conclude that allowing the assessor to file objections while denying taxpayers a day in court is unconstitutional. They do not explain how section 123 violates the equal protection clause and cite no authority for their position. An examination of taxpayers' argument fails to reveal its basis. Thus, we are unable to review this issue on appeal.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JIGANTI, JJ., concur.