124 Ill. App.3d 797 (1984)
465 N.E.2d 494
In re APPLICATION OF COOK COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR (1040 HOLLYWOOD BUILDING PARTNERSHIP et al., Plaintiffs-Appellants,
v.
EDWARD J. ROSEWELL et al., Defendants-Appellees).
No. 83-360.
Illinois Appellate Court  First District (4th Division).
Opinion filed March 29, 1984.
Modified on denial of rehearing July 5, 1984.
*798 *799 James A. Rooney, of Chicago, for appellants.
Richard M. Daley, State's Attorney, of Chicago (Thomas J. McNulty, Assistant State's Attorney, of counsel), for appellees.
Affirmed in part and reversed in part.
JUSTICE JIGANTI delivered the opinion of the court:
On February 22, 1982, the defendant, Edward J. Rosewell, County Treasurer and Ex-Officio County Collector of Cook County (hereinafter the County), filed an application for judgment and order of sale against lands and lots upon which taxes remained unpaid for the year 1980 and prior years. Thereafter, on March 2, 1982, the petitioner, 1040 Hollywood Building Partnership, the owner of property at 1040 Hollywood in Chicago (hereinafter the taxpayer), filed a motion to dismiss the taxpayer's property from the application and on March 4, 1982, the taxpayer filed a motion for the action to be maintained as a class action. The trial court entered an order for judgment and order of sale on March 5, 1982. Also on that date, the trial court ordered that the motion to dismiss be set for argument and that the motion to proceed as a class action be heard after the argument on the motion to dismiss if necessary. Subsequently, the taxpayer filed: a motion to vacate the March 5 order and dismiss the February 22 application *800 for judgment on the grounds that there was a prior action pending pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(c)), now section 2-619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2-619(a)(3)); a motion seeking relief in the alleged prior action pending pursuant to then section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now section 2-1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2-1401); and a counterclaim under 42 U.S.C. secs. 1983, 1985 (1982) charging that various county officials engaged in a pattern of conspiracy to violate the taxpayer's civil rights by failing to provide a hearing on the merits. The trial court denied the motions to dismiss and failed to grant relief in the alleged prior pending action. Further, the trial court dismissed the civil rights actions. On appeal the taxpayer seeks the relief that was denied him in the trial court and as a preliminary matter, seeks to dismiss this appeal for want of a final order.
 1 The factual setting is that in 1969, the county filed an application for judgment and order of sale against the taxpayer's property, 1040 Hollywood, for unpaid real estate taxes for the year 1968. This application is the alleged prior pending action which is the subject of the taxpayer's motion to dismiss under section 48(1)(c) of the Civil Practice Act. The taxpayer notified the county assessor that the building on that property had been demolished so that the assessment of his property was inaccurate. The assessor filed an Objection 1 for the taxpayer regarding the 1968 taxes. An Objection 1 is an administrative device used by the assessor to signify the likelihood of an error in the assessment. (First Lien Co. v. Markle (1964), 31 Ill.2d 431, 202 N.E.2d 26.) The Objection 1 served as a nonstatutory defense for the 1969 application for judgment. From the time the Objection 1 was filed, until May 24, 1978, a period of almost nine years, the case remained unadjudicated. On the above date, the trial court entered an order against the taxpayer's property. The order denied the Objection 1 and "ordered the Cook County Collector to mark their books accordingly." This is the order that the taxpayer asserts is nonfinal. The collector then marked his warrant books that the Objection 1 had been denied. However, the tax judgment, sale, redemption and forfeiture record was not marked, no judgment amount was ever noted on the official record and no sale was ordered.
After a lapse of nearly four years, from May 24, 1978, until February 22, 1982, the county collector filed another lawsuit seeking an application for judgment and order of sale to collect delinquent taxes for 1980 and prior years. Included in this action were the same taxes *801 owed by the taxpayer for 1968 and which were the subject matter of the 1969 application. On March 5, 1982, the trial court entered judgment and order of sale on the 1982 application against numerous parcels including the 1040 Hollywood property. The taxpayer then filed motions as previously described, which were all subsequently dismissed. This appeal ensued.
The issue of what constitutes a final order in a tax proceeding arises in two separate guises in this appeal. The taxpayer contends that neither the order in the 1982 application for judgment nor the order in the 1969 application for judgment is a final order. He first contends as a preliminary matter that the order of judgment and sale in the 1982 application is not a final order and consequently this appeal should be dismissed. In the event that position fails, the taxpayer next contends that the order of judgment and sale in the 1969 application against his property is not a final order and consequently the 1969 application is still pending and that therefore the trial court should have dismissed the 1982 application insofar as it pertains to his property. From the record we have in this case we believe that the order entered in the 1982 application was final but that the order in the 1969 application was not a final order.
It is well settled in Illinois that in order for an order to be final in a tax objection proceeding it must be in compliance with section 235 of the Revenue Act of 1939 and enter judgment against the property for the amount of taxes due. (Ill. Rev. Stat. 1981, ch. 120, par. 716.) This court has interpreted section 235 to prescribe the required form of all judgment orders entered upon the application of the county collector for judgment and order of sale. (In re Application of Rosewell (1979), 78 Ill. App.3d 769, 397 N.E.2d 232.) In In re Application of Rosewell, the court noted that the order entered neither described the property against which judgment was entered nor fixed the amount of tax due. Accordingly, the court held that such an order was neither a final order nor an interlocutory order appealable as of right. In re Application of Rosewell (1979), 78 Ill. App.3d 769, 397 N.E.2d 232.
 2, 3 In the instant case, the order entered in the 1982 application appears to substantially comply with the required form set forth in In re Application of Rosewell and is therefore a final order. While the 1982 order did not contain the requisite information on its face, it did incorporate as a part thereof, documents filed with the court necessary to determine the specific parcels involved and the amount of tax due on each parcel. However, the order entered on May 24, 1978, regarding the 1969 application for judgment was not a final order in that as prescribed by section 235, the order failed to describe the *802 1040 Hollywood property, there was no notation in the tax judgment, sale, redemption and forfeiture record regarding 1040 Hollywood, no fixed amount of taxes due was noted and no sale was ordered. Because the order in the 1969 application was not final, that action is still pending and the taxpayer's section 48 motion in the instant action, the 1982 application, is clearly appropriate.
However, the county contends that the taxpayer may not assert its section 48 defense to the 1982 application because pursuant to section 235 of the Revenue Act of 1939, in order for a taxpayer to assert any defense in an application for judgment, he must first pay the delinquent taxes under protest, and in the instant case, the taxpayer has not tendered any such payment. (Ill. Rev. Stat. 1981, ch. 120, par. 716; Clarendon Associates v. Korzen (1973), 56 Ill.2d 101, 306 N.E.2d 299.) Additionally, the county claims that the two applications for judgment, the 1969 and the 1982 applications are not between the same parties because in the 1969 application, the county assessor filed an Objection 1 thus making the parties to that action, the county collector and the county assessor, while in the 1982 application the taxpayer is the party to the action.
 4 Addressing the county's latter contention first, we disagree. The assessor's role in the 1969 application was only to represent the taxpayer in asserting the Objection 1. Both applications for judgment were actually against the property, so that the owner of the property, the taxpayer, was the ultimate person responsible for payment and thus the real party in interest. (See In re Application of Cook County Collector (1980), 91 Ill. App.3d 698, 414 N.E.2d 28.) Therefore, the county's claim that the assessor rather than the taxpayer is the party to the 1969 application is without merit.
 5 As to the county's primary contention, while the revenue statute does prescribe prepayment as a prerequisite to raising objections to an application for judgment, we believe that the rationale for the section 48 motion to dismiss creates an exception that would place that motion outside the scope of section 235.
The purpose of section 48 is the elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action. See Skolnick v. Martin (1964), 32 Ill.2d 55, 203 N.E.2d 428. Furthermore, as far back as 1874, the Illinois Supreme Court recognized this problem and noted that it was unable to find any statutory authority for resorting, at the same time, to two or more proceedings of the same kind for the collection of the same tax. (Andrews v. People (1874), 75 Ill. 605.) The court in Andrews found it unjust and oppressive to the taxpayer *803 that he should be subjected to the annoyance and expense of defending against a multiplicity of proceedings of the same kind for collection of the same tax. Andrews v. People (1874), 75 Ill. 605, 609.
 6 Such are the circumstances presently before this court. In 1969, the county filed an application for judgment against the taxpayer's property for 1968 real estate taxes. In 1978, a nonfinal order was entered against that property, leaving the 1969 action still pending. In 1982, a second and completely separate application was filed against the taxpayer's property for the collection of the same taxes sued for in the 1969 application. This is the type of conduct that the court in Andrews and section 48 of the Civil Practice Act explicitly denounces. We do not believe the provisions of the Revenue Act of 1939 were intended to be applied so as to subject a taxpayer to the harassment of multiple lawsuits. Therefore, we believe the trial court erred in its discretion in denying the taxpayer's section 48 motion to dismiss the 1982 application.
The taxpayer also asserts that pursuant to section 72 of the Civil Practice Act, he is entitled to vacate the order entered in the 1969 application on May 24, 1978. (Ill. Rev. Stat. 1981, ch. 110, par. 72.) The taxpayer argues that he was invited by the defendants to file his section 72 motion in the instant matter and that it was as a result of the county's insistence that the trial court had jurisdiction over the 1968 taxes in the 1982 application that he filed said motion. We find this position without merit. The language in section 72 is abundantly clear that of the requisite elements to file a section 72 petition, the petitioner must be seeking to vacate a final order or judgment and the petition must be filed in the same proceeding in which the order or judgment was entered. Ill. Rev. Stat. 1981, ch. 110, pars. 72(1), (2); Okumura v. Nisei Bowlium, Inc. (1976), 43 Ill. App.3d 753, 357 N.E.2d 187; Mutual National Bank v. Kedzierski (1968), 92 Ill. App.2d 456, 236 N.E.2d 336.
 7 In the instant action, the taxpayer is attempting to vacate a nonfinal order. He is also attempting to do so by filing a petition in the 1982 application to vacate an order entered in the 1969 application. The taxpayer has failed to comply with the mandatory statutory provisions regarding a section 72 petition. He has failed to seek to vacate a final order and he has failed to file his motion in the same proceeding in which the order he seeks to vacate was entered. Therefore, the trial court was correct in dismissing the taxpayer's section 72 motion.
 8 Finally, the taxpayer seeks relief pursuant to Civil Rights statute (42 U.S.C. secs. 1983, 1985 (1982)). Under those two sections *804 the taxpayer asserts that various county officials either conspired under section 1985 to deprive him of his constitutional right to equal protection or acted under color of State law under section 1983 to deprive the taxpayer of his constitutional right to due process. In oral argument the taxpayer has conceded that if we find that the 1978 order in the 1969 application was nonfinal and that therefore the 1982 application should be dismissed, then consequently, there will be no final deprivation, as the taxpayer will still have legal process with which to pursue. Accordingly, having already found the order in the 1969 application nonfinal, we agree that the taxpayer has not suffered a final deprivation and therefore does not have a cause of action under section 1983. See Beverly Bank v. Board of Review (1983), 117 Ill. App.3d 656, 453 N.E.2d 96.
The remaining issue for our consideration is whether the county has deprived the taxpayer of his equal protection rights by conspiring to preclude the taxpayer the opportunity of a hearing on the merits. The taxpayer asserts that he was a member of the subclass that was denied equal protection in that this subclass did not get a hearing on the merits whereas everyone else did get such a hearing.
The taxpayer alleges three separate conspiracies that deprived him of equal protection: (1) in 1978, county officials conspired to change the procedures and terminate the Objection 1 proceedings without a hearing on the merits by submitting group denial lists; (2) in late 1981, or early 1982, county officials included the threatened subclass in the 1982 application for judgment and precluded them from asserting their equal protection rights to a hearing on the merits; and (3) after the filing of the 1982 application county officials conspired to prevent any payment under protest and to further deny the subclass' equal protection rights to a hearing on the merits. In response to the taxpayer's assertions, the county contends that the taxpayer does not have a civil rights action under 42 U.S.C. sec. 1985 (1982) because there are no constitutional rights implicated by an Objection 1 proceeding; thus, none could have been violated.
 9, 10 In order to state a claim for conspiracy under this subchapter, section 1985, it must be shown that the conspirators did in fact violate the constitutional rights of the claimant. (The Dells, Inc. v. Mundt (S.D.N.Y. 1975), 400 F. Supp. 1293.) In the instant case, the taxpayer claims he was denied equal protection by being precluded from a hearing on the merits in the Objection 1 proceeding on May 24, 1978. It has been established in Illinois that an Objection 1 procedure is a device unauthorized by statute and that a taxpayer may not rely upon an Objection 1 procedure for correction of alleged errors. *805 (First Lien Co. v. Markle (1964), 31 Ill.2d 431, 202 N.E.2d 26.) Rather, a taxpayer is provided with statutory remedies with which to protect his interest. (Ill. Rev. Stat. 1981, ch. 120, par. 675.) As a result of the procedures established above, it has been determined that a taxpayer does not have any constitutional rights in an Objection 1 proceeding. (First Lien Co. v. Markle (1964), 31 Ill.2d 431, 202 N.E.2d 26; In re Application of County Treasurer (1978), 65 Ill. App.3d 307, 382 N.E.2d 311.) Therefore, since the taxpayer does not have a constitutional right to a hearing on the merits in an Objection 1 proceeding, no constitutional right of the taxpayer could have been violated, thus there can be no violation of section 1985. Accordingly, we agree that the trial court correctly dismissed the taxpayer's civil rights counterclaim.
The taxpayer raised a number of additional issues that we believe are not necessary for us to address on appeal, but rather are issues that can be raised at other proceedings at the trial level.
The judgment of the trial court is reversed as to the taxpayer's motion to dismiss pursuant to section 48(1)(c) of the Civil Practice Act but is affirmed as to all other matters.
LINN, P.J., and JOHNSON, J., concur.