*In re* APPLICATION OF THE COOK COUNTY TREASURER FOR THE 1968, 1973, 1980 AND OTHER TAX YEARS (The People *ex rel.* Edward J. Rosewell, Cook County Collector, Applicant-Appellee, v. 1040 Hollywood Building Partnership *et al.*, Petitioners-Appellants (Thomas C. Hynes, Assessor of Cook County, Objector-Appellee; Wimbledon Condominium Association, Intervenor-Appellant)).

First District (4th Division) No. 1—87—0277

Opinion filed June 23, 1988.

Mason D. Sullivan, Ltd., of Chicago, for appellant Wimbledon Condominium Association.

James A. Rooney, of Nisen, Elliott & Meier, of Chicago, for other appellants.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Mark R. Davis, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves a class action by several taxpayers seeking to establish that errors in the Cook County assessor's office resulted in overassessment of their respective parcels of property. The two active litigants in this cause, 1040 Hollywood Building Partnership and Wimbledon Condominium Association, maintain that in each case the assessor admitted the error and sought to have the assessment corrected either by (in 1040 Hollywood's case) filing an "Objection 1" to the collector's application for judgment and order of sale, or (in Wimbledon's case) by issuing certificates of error indicating the likelihood of an error in the assessment.[1] In reliance upon these actions by the assessor, 1040 Hollywood and Wimbledon failed to pursue the statutory remedy available to taxpayers for challenging the amount of their tax liability. The trial court ultimately entered orders denying the assessor's Objection 1 and certificates of error. However, because these orders did not comply with the requirements for a final order

---

[1]Briefly, an Objection 1 is an administrative device used by the assessor to signify the likelihood of an error in the assessment. A certificate of error is a statutory procedure by which the assessor may correct errors in a summary manner without participation by the taxpayer. (Ill. Rev. Stat. 1985, ch. 120, par. 604.) Since 1973, the assessor has sought correction of his errors exclusively through the certificate of error procedure. *Cook County Collector v. Chelsea House* (1980), 91 Ill. App. 3d 698, 703 n.5, 414 N.E.2d 28, 32 n.5.

under the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 482 *et seq.*), they were nonfinal in nature, leaving the collector's applications still pending. 1040 Hollywood and Wimbledon then attempted to intervene in the pending proceedings and obtain a hearing on the merits of the tax assessments at which they could present evidence in support of the assessor's Objection 1 and certificates of error. The trial court denied both taxpayers' requests for a hearing on the merits on the grounds that a taxpayer has no statutory or constitutional right to participate in an assessor's Objection 1 or certificate of error procedure.

The issue before this court is whether a taxpayer who has failed to comply with the requirements of the Revenue Act for challenging the amount of a tax assessment may intervene in an assessor's Objection 1 or certificate of error procedure in order to obtain a hearing on the merits of the assessment.

THE 1040 HOLLYWOOD APPEAL

In 1969 the county collector filed an application for judgment and order of sale against property owned by 1040 Hollywood for unpaid real estate taxes for the year 1968. 1040 Hollywood notified the county assessor that the assessment was inaccurate because the building on that property had been demolished. The assessor filed an Objection 1 to the collector's application, which served as a nonstatutory defense to the application. In reliance upon the assessor's Objection 1, 1040 Hollywood failed to pursue its statutory right to file a complaint with the board of appeals and a taxpayer's objection to the collector's application after paying the tax under protest. (Ill. Rev. Stat. 1985, ch. 120, pars. 598, 675, 716.) The case remained unadjudicated until May 24, 1978, when the trial court entered an order denying the Objection 1 and ordering the collector "to mark [its] books accordingly." This denial was based on the assessor's representation that 1040 Hollywood failed to respond to a request for verification of information supporting the claim of error. Four years later, on February 22, 1982, the collector filed an application for judgment and order of sale seeking to collect unpaid taxes for 1980 and prior years. This application included the same taxes which were the subject of the collector's 1969 application against 1040 Hollywood. On March 5, 1982, the trial court entered judgment and order of sale on the collector's 1982 application.

In an earlier appeal to this court, we held that the May 24, 1978, order denying the assessor's Objection 1 was not a final order because it failed to comply with the requirements of section 235 of the Reve-

nue Act.[2] (*In re Application of Cook County Treasurer & Ex-Officio County Collector* (1984), 124 Ill. App. 3d 797, 465 N.E.2d 494.) Therefore, the 1969 application was still pending, and the trial court erred in denying a motion by 1040 Hollywood to dismiss the 1982 application pursuant to section 2—619(a)(3) of the Illinois Code of Civil Procedure on the ground that there was a prior action pending. Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3).

On remand to the trial court, 1040 Hollywood successfully moved to consolidate the 1969 and 1982 collector's applications. It then filed a petition for leave to intervene in the 1969 application proceedings in order to file a motion to vacate the nonfinal order of May 24, 1978, which denied the assessor's Objection 1. In this petition, 1040 Hollywood alleged in part that the assessor had failed to adequately represent the taxpayer's position in the 1969 application proceeding and that 1040 Hollywood had never received a hearing on the merits of its tax. The collector opposed the petition for leave to intervene on the grounds that 1040 Hollywood had not fulfilled the statutory prerequisites of filing a complaint with the board of appeals and paying the tax under protest, which are necessary to pursue a taxpayer's objection to the merits of its tax liability. The trial court agreed and entered an order denying "the petition of 1040 Hollywood *** for a hearing on the merits" of the 1968 assessment.

## THE WIMBLEDON APPEAL

Wimbledon is an association of unit owners of a condominium apartment building located in River Forest, Illinois, and is responsible for the payment of 1973 real estate taxes on the property. In August of 1974, an application was made to the assessor for a reduction in the 1973 tax assessment on the basis that the building had not been completed until April 19, 1973, and that it was over 40% vacant as of December 31, 1973. The assessor then initiated three certificates of error, corresponding to the three permanent tax numbers assigned to the Wimbledon property, which would serve as evidence in later court proceedings that the assessor had made an error in determining the amount of the tax. The assessor recalculated the tax from $50,014.96 to $30,928.93. Wimbledon paid the lower amount and, in reliance upon the certificates of error, elected not to pursue the statutory rem-

---

[2]Section 235 requires that for an order to be final, it must describe the property, fix the amount of tax due and enter judgment in favor of the collector. Ill. Rev. Stat. 1985, ch. 120, par. 716; *In re Application of Anderson* (1986), 142 Ill. App. 3d 238, 491 N.E.2d 871.

edies of filing a complaint with the board of appeals and objecting to the tax after paying the full amount under protest.

In the subsequent court proceedings, the assessor moved for a denial of the certificates of error on the grounds that Wimbledon failed to respond to the assessor's request for information verifying the claim of error. On appeal, Wimbledon contends that the assessor had the necessary verification, but either lost or destroyed the records. On January 27, 1977, the trial court entered an order denying the certificates of error. The order read, "Petition denied. County Collector to issue delinquent bill." It did not describe the property, fix the amount of tax due or enter judgment in favor of the collector, all of which are required for an order to be a final order as defined in the Revenue Act. Ill. Rev. Stat. 1985, ch. 120, par. 716.

In 1982, the collector filed an application for judgment and order of sale which included the balance owed by Wimbledon on the 1973 taxes due to the court's denial of the certificates of error. Wimbledon successfully moved to consolidate the 1980 and 1973 applications. It then filed a petition for a hearing on the merits of its 1973 tax liability at which it could present evidence in support of the certificates of error. It was Wimbledon's position that the January 27, 1977, order denying the certificates of error was nonfinal in nature because it did not comply with the requirements of a final order under section 235 of the Revenue Act. (Ill. Rev. Stat. 1985, ch. 120, par. 716.) The trial court denied Wimbledon's petition for a hearing on the merits on the ground that Wimbledon, like 1040 Hollywood, had not fulfilled the statutory prerequisites necessary to pursue a taxpayer's objection to the amount of its tax liability.

Before considering the specific contentions of the taxpayers, it is necessary at least with respect to 1040 Hollywood's appeal to interpret the trial court's order denying relief in this cause. As previously stated, 1040 Hollywood filed a petition for leave to intervene in the 1969 application, to which it attached a motion requesting the court to vacate the nonfinal order in that case and grant 1040 Hollywood a hearing on the merits of the 1968 tax assessment. The trial court made no ruling on the petition to intervene, but instead denied what it characterized as 1040 Hollywood's petition for "a hearing on the merits." When questioned during oral argument as to the proper interpretation of the order, counsel for 1040 Hollywood urged us to treat the petition for leave to intervene as having been allowed and the motion to vacate the denial of the Objection 1 denied on the grounds that the taxpayer had no right to challenge the amount of the tax absent compliance with the statutory requirements for a tax-

payer's objection. Because both 1040 Hollywood and Wimbledon admit that they are ultimately seeking a hearing on the merits of their respective tax liabilities, this appeal will be simplified if we accept 1040 Hollywood's interpretation of the order and proceed directly to a consideration of that issue.

Both 1040 Hollywood and Wimbledon concede that they have not complied with the procedural requirements of the Revenue Act for challenging the amount of their tax liabilities. They contend, however, that the assessor's Objection 1 and certificate of error procedures constitute separate and distinct proceedings unencumbered by the Revenue Act's requirements of exhaustion of administrative remedies and payment of the tax under protest. They argue that where the assessor admits an error by filing an Objection 1 or issuing a certificate of error, the taxpayer should be allowed to intervene in the proceedings in order to present evidence in support of the claim of error.

■ The method available to the taxpayer for challenging the amount of a tax assessment is set out in the Revenue Act. (Ill. Rev. Stat. 1985, ch. 120, pars. 598, 675, 716.) The taxpayer must first exhaust his administrative remedies by filing a complaint with the board of appeals. If he does not obtain the relief he desires, the taxpayer must then pay the tax under protest and file an objection at the collector's annual application for judgment. (*People ex rel. Korzen v. Fulton Market Cold Storage Co.* (1976), 62 Ill. 2d 443, 343 N.E.2d 450, *cert. denied* (1976), 429 U.S. 833, 50 L. Ed. 2d 98, 97 S. Ct. 97.) The taxpayer is then afforded the opportunity to challenge the assessment in an adversary proceeding. (Ill. Rev. Stat. 1985, ch. 120, par. 716.) A taxpayer who fails to protect his rights according to these statutory procedures waives the right to challenge the amount of his tax liability. *In re Application of County Treasurer* (1978), 65 Ill. App. 3d 307, 310, 382 N.E.2d 311.

■ Alongside the taxpayer's objection procedure there developed a nonstatutory administrative device known as the Objection 1, which was used by the assessor as an accommodation to property owners whose property had been overassessed through errors of the assessor. (*First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 434-35, 202 N.E.2d 26.) The assessor would file the Objection 1 as a defense to the collector's application for judgment and order of sale against the property. As noted in *Markle,* the assessor's Objection 1 was the only objection which could be posted on the county treasurer's warrant book without payment of the tax in full as a condition precedent to the posting. (*Markle,* 31 Ill. 2d at 435.) Although initiated by the assessor's office, the determination of the Objection 1 petition was made by the court

and entered as a judgment within the lawsuit filed by the collector in his application for judgment and order of sale. *Cook County Collector v. Chelsea House* (1980), 91 Ill. App. 3d 698, 700, 414 N.E.2d 28.

It is well established in Illinois that the Objection 1 procedure is a device unauthorized by statute and that a taxpayer may not rely upon an Objection 1 procedure for the correction of errors in a tax assessment. (*First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 439, 202 N.E.2d 26; *In re Application of Cook County Treasurer* (1984), 124 Ill. App. 3d 797, 804, 465 N.E.2d 494.) In *Markle,* the Illinois Supreme Court noted that while the Objection 1 procedure "constitutes a convenient administrative device for the correction of the assessor's errors without cost or hardship to the individual taxpayer[ ] [i]ts customary use cannot excuse a taxpayer from protecting his rights according to statutory procedures." (*Markle,* 31 Ill. 2d at 439, 202 N.E.2d at 31.) Thus, the taxpayer has no constitutional right to participate in the Objection 1 procedure. *Markle,* 31 Ill. 2d 431; *In re Application of County Treasurer* (1978), 65 Ill. App. 3d 307, 382 N.E.2d 311.

■ Since 1973, the assessor has ceased utilization of the Objection 1 procedure and now seeks rectification of his assessment errors exclusively through the statutory device of a certificate of error. (Ill. Rev. Stat. 1985, ch. 120, par. 604; *Cook County Collector v. Chelsea House* (1980), 91 Ill. App. 3d 698, 414 N.E.2d 28.) Section 123 of the Revenue Act provides as follows:

"In counties containing 1,000,000 or more inhabitants, if, at any time before judgment is rendered in any proceeding to collect or to enjoin the collection of taxes based upon any assessment of any property belonging to any person or corporation, the county assessor shall discover an error or mistake in such assessment, such assessor shall execute a certificate setting forth the nature of such error, and the cause or causes which operated to produce it. The certificate when endorsed by the county assessor, or when endorsed by the county assessor and board of appeals where the certificate is executed for any assessment which was the subject of a complaint filed in the board of appeals for the tax year for which the certificate is issued, may be received in evidence in any court of competent jurisdiction. When so introduced in evidence such certificate shall become a part of the court records, and shall not be removed from the files except upon the order of the court.

A certificate executed pursuant to this Section may be issued to the person erroneously assessed or may be presented

by the assessor to the court as an objection in the application for judgment and order of sale for the year in relation to which the certificate is made. The state's attorney of the county in which the property is situated shall mail a copy of any final judgment entered by the court regarding the certificate to the taxpayer of record for the year in question." (Ill. Rev. Stat. 1985, ch. 120, par. 604.)

The trial court has the authority to accept or reject the certificate of error issued by the assessor. *In re Application of Cook County Treasurer & Ex-Officio Collector* (1982), 109 Ill. App. 3d 440, 445, 440 N.E.2d 981.

■■ In *Chicago Sheraton Corp. v. Zaban* (1978), 71 Ill. 2d 85, 91, 373 N.E.2d 1318, 1321, the Illinois Supreme Court described the certificate of error procedure as "an expeditious summary process, without participation by the taxpayer, for correcting the assessor's errors." Like the supplanted Objection 1 procedure, the taxpayer has "neither a statutory nor constitutional right to participate in the certificate of error proceeding or to challenge any alleged irregularities in that proceeding." (*Zaban,* 71 Ill. 2d at 92, 373 N.E.2d at 1321.) Instead, a taxpayer seeking to challenge the amount of an assessment must utilize the remedy afforded to him under the Revenue Act, which remedy may be pursued either independently of or concurrently with the assessor's certificate of error objection. *Fromm v. Rosewell* (7th Cir. 1985), 771 F.2d 1089, 1092-93.

■■ A reading of the above-cited case law shows that it is firmly established in Illinois law that a taxpayer has no statutory or constitutional right to participate in an assessor's Objection 1 or certificate of error procedure. 1040 Hollywood and Wimbledon argue, however, that although they had no right to initially participate, intervention into the proceedings gave them all the rights of the original objector, the Cook County assessor. This argument was previously raised unsuccessfully in *In re Application of Cook County Treasurer & Ex-Officio Collector* (1982), 109 Ill. App. 3d 440, 440 N.E.2d 981. Furthermore, in *In re Application of County Treasurer* (1978), 65 Ill. App. 3d 307, 310, 382 N.E.2d 311, 314, we stated that "because the Objection 1 is not recognized by statutes, [the taxpayer] does not have the right to intervene" in order to challenge the amount of the tax. Rather, a taxpayer who fails to protect his rights according to the statutory procedures available to him waives his right to challenge the amount of his tax liability.

The sole case which appears to support the taxpayer's position on appeal is *Cook County Collector v. Chelsea House* (1980), 91 Ill. App.

3d 698, 414 N.E.2d 28. In *Chelsea House,* the taxpayer's property in 1968 was assessed at an amount substantially higher than the assessments for prior and subsequent years. The taxpayer initiated a complaint with the board of appeals, but failed to pursue it when the assessor filed an Objection 1 to reduce the assessment. The board of appeals denied the complaint without a hearing on the basis that the taxpayer did not appear. The court subsequently denied the Objection 1, apparently for the reason that granting it would effectively overrule the board of appeals' denial, even though the State's Attorney agreed with the taxpayer that the assessment was in error. Noting that the taxpayer would have suffered a "crushing economic burden" from paying the tax under protest, the appellate court allowed the taxpayer to intervene in the proceedings for the purpose of obtaining a hearing on the merits of the assessment. In doing so, however, the court relied upon the unique factual setting of the case and warned that "this case presents no 'open sesame' for taxpayers' intervention in Objection 1 proceedings." (*Chelsea House,* 91 Ill. App. 3d at 703 n.5, 414 N.E.2d at 32 n.5.) Because the decision in *Chelsea House* was expressly limited to the unique factual setting presented, we are not persuaded by the taxpayer's reliance upon *Chelsea House.*

■ Finally, Wimbledon raises the argument that a recent amendment to section 123 of the Revenue Act which provides that a copy of the court's judgment granting or denying a certificate of error shall be mailed to the taxpayer evidences an intent by the legislature to allow the taxpayer a right to participate in the court portion of the certificate of error proceeding. The amendment in question states that "[t]he state's attorney of the county in which the property is situated shall mail a copy of any final judgment entered by the court regarding the certificate to the taxpayer of record for the year in question." Ill. Rev. Stat. 1985, ch. 120, par. 604.

We are not persuaded by this argument. If the legislature intended to change the statute to allow participation by the taxpayer, it would simply have provided for notice to the taxpayer prior to the court proceedings.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

LINN and McMORROW, JJ., concur.